UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN STEVE MARIN,

Plaintiff,

v.

UNITED STATES DRUG ENFORCEMENT ADMINISTRATION,

Defendant.

Case No. 25-cv-12306

Honorable Robert J. White

**ORDER DISMISSING THE COMPLAINT FOR FAILURE TO PROSECUTE**

John Steve Marin commenced this action to recover $40,000 in cash that Drug Enforcement Administration agents seized from him in April 2025. The government moved to dismiss the complaint in January 2026. (ECF No. 9). Marin never responded to the motion.

On July 13, 2026, the Court directed Marin to show cause "in writing, by 7/27/2026" as to why the complaint should not be dismissed for failure to prosecute. (ECF No. 10, PageID.84). The show cause order cited to E.D. Mich. LR 41.2, which governs *sua sponte* orders of dismissal for failure to prosecute. (*Id.*). And it notified

Marin that "[f]ailure to respond may result in dismissal of the case." (*Id.*). Marin did not respond to the show cause order.

Federal Rule of Civil Procedure 41(b) recognizes the inherent power of district courts to enter *sua sponte* orders of dismissal. *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Parks v. City of Memphis*, 88 F. App'x 897, 898 (6th Cir. 2004). When deciding whether to issue a Rule 41(b) dismissal for failure to prosecute, courts must consider "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

All the above factors weigh in favor of dismissal. Marin failed to respond to the government's pending motion to dismiss (for over six months) as well as the Court's show cause order (factor one). The government is prejudiced by the inordinate delay in having its dispositive motion adjudicated (factor two). The Court warned Marin that failure to respond to the show cause order "may result in dismissal of the case" (factor three). (ECF No. 10, PageID.84). And there is no conceivable sanction that would compel Marin to respond to the pending motion yet preserve the

government's entitlement to consideration of the dispositive relief it currently seeks, *i.e.*, dismissal of the complaint (factor four).

For all these reasons, dismissal of the complaint due to Marin's failure to prosecute this action is warranted. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2. Accordingly,

IT IS ORDERED that the complaint (ECF No. 1) is dismissed with prejudice for failure to prosecute this lawsuit.

IT IS FURTHER ORDERED that the government's motion to dismiss the complaint (ECF No. 9) is denied as moot.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to close the case.

Dated: July 30, 2026

s/ Robert J. White
Robert J. White
United States District Judge